No. 83-549

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

ADOLPH DUANE SCHAAK, JR.,

        Petitioner and Respondent,

  -vs-

BETTY FRANCES LORRAINE SCHAAK,

        Respondent and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Nye & Meyer, Billings, Montana

    For Respondent:

        Douglas Y. Freeman, Hardin, Montana

---

Submitted on Briefs: March 23, 1984

Decided: May 31, 1984

Filed: MAY

*Ethel M. Harrison*

—————————————
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal from Yellowstone County of an order dismissing a motion under Rule 60(b)(6), M.R.Civ.P., to set aside a decree of dissolution entered by that court and, more specifically, to set aside the property settlement agreement incorporated into that decree. We affirm the order dismissing the petition.

The parties were married in June 1958. In April 1979 wife filed a petition for dissolution. This was converted to a legal separation on November 6, 1979. The parties' attempts at marital counseling failed, and a dissolution was granted November 5, 1980.

During the counseling period prior to the dissolution, wife informed husband that she wanted to settle their property rights. Wife, a college-educated school teacher, drafted and signed her proposed agreement which was admitted into evidence at the hearing below. This agreement was prepared in final form by counsel for husband.

Husband's counsel forwarded the proposed agreement to wife's counsel for review. Wife's counsel responded, in pertinent part, as follows:

> "I briefly reviewed the Agreement with Betty and my recommendation to her was that she should not sign it under any circumstances. I specifically advised her that there was a total lack of disclosure of the value of the marital assets and the interest in and to Pryor Land Company. In addition, I represented to her that she was entitled to a complete, fair and candid disclosure of the value of all assets and future expectancies owned by Duane and Betty and which may accrue to Duane in the future in connection with the holdings of his father. I concluded our discussion by suggesting that she should absolutely refrain from executing the Agreement and that she was entitled to far more than is

2

represented under the terms of that Agreement.

"My specific advice notwithstanding, Betty informed me that she is willing to sign the Agreement and, in fact, stated that it was her intention to do so . . .

". . . however, from a lawyer's point of view I could not recommend the signing of the Agreement. Nevertheless the signed Agreement is being returned to you at my client's express instructions . . ."

Wife now alleges that she was suffering from depression at the time she drafted the agreement and that she received a disproportionate share of the marital estate. She received cash and assets worth approximately $50,000. Husband received essentially the interest in Pryor Land Company, a farming corporation, owned solely by his father, brothers and himself. Wife contends that the fair market value of the corporation is approximately $10 million and her husband owns a 25 percent interest.

Wife raises a number of matters on appeal, but the only issue is whether the District Court ruled properly in denying her petition for relief from the decree of dissolution.

The petition was filed pursuant to Rule 60(b)(6), M.R.Civ.P., which states:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason justifying relief from the operation of the judgment."

The statute allows a limited time to seek relief from the judgment except

". . . This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as may be required by

law, or to set aside a judgment for fraud upon the court."

Petitioner would now have us believe that she was deprived of a fair property settlement due to the fraudulent acts of her husband. However, the evidence presented at the hearing discloses otherwise.

Wife was questioned as follows:

"Q. And did you tell Duane what you wanted in the form of a property settlement? A. Yes. We wrote it down.

"Q. And you wrote it down? A. I wrote it down. He didn't write anything down.

". . .

"Q. And that was what your request was for a property settlement? A. Yes."

Further questioning of wife revealed the following:

"Q. Prior to that time, you and your husband lived on the properties referred to as the Pryor Land Company properties? A. We had nothing else but Pryor Land Company properties.

"Q. You were acquainted with what the properties were? You lived there? A. Well, I could see what was going on.

"Q. And, primarily, this was a farming and a ranching type farm corporation; was it not? A. Yes.

"Q. And you were acquainted with the ranch, having lived there all your married life, so you knew the extent of the ranch properties? A. Well, I can't say that I knew the extent of the ranch. I didn't know the value of anything.

"Q. I am not saying 'value'. I am saying you knew the extent of the ranch, what the ranch consisted of? A. Well, basically."

Testimony of the wife at this hearing conclusively shows that she was aware of the nature and extent of the marital estate. There is an absence of substantial evidence

4

indicating any fraud on the part of the husband either toward petitioner or on the court.

The basis of petitioner's allegation of fraud is the failure of the husband to reveal the value of the marital estate, particularly the value of the interest in Pryor Land Company. However, at the outset of this matter, wife's counsel propounded an extensive set of 121 interrogatories designed to reveal the extent and value of the marital estate. These interrogatories were never answered due to a stipulation by counsel that discovery would not proceed during the period when the parties underwent marital counseling. When their attempts at reconciliation failed, counsel for husband put in final form the property settlement agreement originally drafted by wife and submitted it to wife's counsel. His response to the agreement is quoted above.

Like the District Court, we find no evidence of fraud under the circumstances of this case. The wife decided what she wanted in terms of a property settlement and drafted it herself. She also signed her draft of the agreement. She knew exactly what she was getting and what her husband was getting. She was advised by competent legal counsel that she was entitled to know the value of all marital assets and that she was entitled to far more than the agreement awarded her. In spite of this advice, wife insisted upon executing the agreement.

This Court has indicated that a full inventory of the assets should be made. In re Marriage of Lawrence (Mont. 1982), 642 P.2d 1043, 39 St.Rep. 548. "However, we have not held that a lack of inventory is fraud upon the court. We noted in Pilati [(Mont. 1979) 592 P.2d 1374, 36 St.Rep. 619] that the fraud was the failure to disclose all the assets to

5

the wife, not the failure to disclose all the assets to the court." Lawrence, 642 P.2d at 1047.

Here, all assets were disclosed even though the values had not been determined. Wife insisted on signing the property settlement without all values known and expressly against the advice of counsel.

While we recognize that a disproportionate settlement may have occurred in this matter, a decree of dissolution cannot be interfered with a number of years later simply because a party has changed her mind with regard to what property she wants from the marital estate. One of the goals of the dissolution statutes in this State is finality, Hadford v. Hadford (Mont. 1981), 633 P.2d 1181, 38 St.Rep. 1308, and absent sufficient legal cause, such a decree will not be disturbed.

We affirm the order of the District Court dismissing the petition for relief.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

6